IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TODD JANSEN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06cv3312 |
| | ) | |
| vs. | ) | ORDER |
| | ) | ON INITIAL REVIEW |
| TERRY A. HEESACKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for initial review of the complaint filed by the plaintiff, Todd Jansen, a pretrial detainee or prisoner in the custody of the Platte County Jail. The plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging that he was subjected to excessive force in the course of an arrest by police officers of the City of Columbus, Nebraska.

### Presumption of Official Capacity

The complaint does not specify whether the defendants are sued in their "individual capacity," "official capacity," or both capacities. When not specified, the law presumes that a defendant is sued *only* in an official capacity. See generally Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously say so in the pleadings).

When a City employee is sued in his or her official capacity, the real defendant is the City itself. In other words, a lawsuit against a government employee in his or her official capacity is actually a suit against the governmental employer. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Because the complaint in this case does not specify that the defendants are sued in their individual capacity or in both capacities, the only defendant in this case, **at this time**, is the City of Columbus, Nebraska.

### City Liability

It is important that the plaintiff understand the basis of a claim against the City (i.e., the defendants in their official capacity), as opposed to a claim against specific persons in their individual capacity. The basis of a civil rights claim against a city or county ("municipal liability") lies **only** if the violations result from a "custom" or "policy" of the city, implemented through the applicable city agency or instrumentality. Under 42 U.S.C. § 1983, an employer may not be held liable on an imputed or vicarious basis for constitutional injuries merely because those injuries were inflicted by employees or other persons. See, e.g., Shrum ex rel. Kelly v. Kluck, 249 F.3d 773, 778 (8th Cir. 2001), *citing* Board of County

Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 405 (1997) and City of Canton v. Harris, 489 U.S. 378, 385 (1989).

### Amendment to the Complaint

If suing the defendants, in their official capacity *only*, is not the plaintiff's intent, he may file a short amendment to the complaint within 30 days of the date of this Order, specifying that the defendants are intended to be sued in their individual capacity or in both their individual and official capacities. The plaintiff does not have to ask for leave to amend the complaint, as leave is hereby granted for the purpose stated. If the plaintiff does amend his complaint to sue the defendants in an individual capacity or in both capacities, he will need to request additional summons forms and USM-285 forms. That is because government employees are served in different locations in their individual and official capacities.

### PLRA

Because the plaintiff was a prisoner when he filed his complaint, the Prison Litigation Reform Act ("PLRA") applies to this case. However, the plaintiff does not complain of prison conditions. Instead, the substance of the plaintiff's complaint relates to pre-incarceration events. Therefore, some parts of the PLRA do not apply to this litigation.

This case is assigned to the docket of District Judge Richard G. Kopf. However, a Magistrate Judge may conduct initial review. Having reviewed the complaint, I find that this case need not be dismissed on initial review. Therefore, as initial review of the complaint is now completed, it is time for the plaintiff to obtain service of process on the defendants, as set forth below. Because the plaintiff is proceeding IFP, the U.S. Marshal will serve the defendants, after the plaintiff completes the appropriate forms.

IT IS THEREFORE ORDERED:

1.    To obtain service of process on the defendants, the plaintiff must complete and return forms which the Clerk of Court will provide. The Clerk of Court shall send ONE summons and ONE USM-285 form to the plaintiff together with a copy of this Order.

2.    The plaintiff shall, as soon as possible, complete the forms and send them back to the Clerk of Court. In the absence of the completed forms, service of process cannot occur.

3.    When completing the forms for service of process on the City of Norfolk (which operates the police department and employs the police captain in his *official* capacity), the plaintiff must comply with Neb. Rev. Stat. § 25-510.02(2), which states: "Any county, city, or village of this state may be served by personal, residence, or certified mail service upon the chief executive officer, or clerk." **The address of the City Clerk**

**is: Columbus City Clerk, City Hall, 2424 14th Street, Columbus, Nebraska 68601**.

4. The plaintiff shall have 30 days from the date of this Order to file, if he so wishes, an Amendment to his complaint specifying whether any defendant named in the complaint is sued in an individual capacity as well as, or instead of, official capacity. If the plaintiff files such an Amendment, he shall be entitled to additional summons and USM-285 forms. It would be helpful if the plaintiff could request the additional forms if he files an Amendment.

5. Upon receipt of the completed summons and 285 forms, the Clerk will sign the summons, to be forwarded, together with a copy of the complaint, to the U.S. Marshal for service of process. The court will copy the complaint on the plaintiff's behalf. The Marshal shall serve the summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

6. Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order the plaintiff is informed for the first time of these requirements, the plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process. The plaintiff is hereby notified that failure to obtain service on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.

7. If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

8. After an appearance has been filed by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other communication to the court. Parties usually serve copies of documents on other parties by first class mail.

9. The plaintiff shall include with each document or other communication submitted to the court a "**Certificate of Service**" stating the date a true and correct copy of such instrument was mailed to the defendants or to the attorney of any represented defendant. **If the plaintiff does not include a Certificate of Service indicating that a copy of a communication to the court has been sent to the other parties to the case, the court will issue a Notice of Deficiency and might strike the plaintiff's communication from the record.**

10. A defendant has twenty (20) days after receipt of a summons to answer or otherwise respond to a complaint.

11. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

12.	The plaintiff shall keep the court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal.

13.	IMPORTANT NOTE:  **Any communication filed by the plaintiff with the court must bear the plaintiff's original signature.**

DATED this 26th day of March, 2007.

BY THE COURT:

s/ F. A. GOSSETT
United States Magistrate Judge

INSTRUCTIONS:  SUMMONS FORMS AND FORMS 285
for plaintiffs proceeding pro se and in forma pauperis

1.     A summons form provides notice to a defendant that the defendant has been sued and must answer or otherwise respond to the complaint.

2.     A form USM-285 ("form 285") provides directions to the U.S. Marshal as to whom to serve with process and where to serve the defendant(s).  The U.S. Marshal serves the defendant(s) without cost to you because you are proceeding in forma pauperis ("IFP").

3.     Do not copy your complaint to attach to the summons; the court will do that for you.

4.     You may serve only defendant(s) named in the case caption of the complaint.  If you wish to serve additional defendant(s), you must move for leave to amend the complaint to add the additional defendant(s) to the case caption.

5.     Be sure to print your case number on all forms.

6.     You must give an address for the party to be served.  The U.S. Marshal and the court will not fill in a defendant's address on the forms for service of process.

7.     Where a summons form states:  "You are hereby summoned and required to serve on plaintiff's attorney"  print your name and address.

8.     Where a form 285 states:   "send notice of service copy to requestor at name and address" print your name and address.

9.     Where a form 285 calls for  "signature of attorney or other originator" provide your signature and date the form.

10.    Leave the last part of the summons form blank.  The court will fill in the number of days in which the defendant must answer, and the court will sign and date the form.

11.    Please try not to send back empty or partially blank forms.  Call up or write a letter with your case number handy, so the court can provide free procedural information (although not legal advice).