IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TODD JANSEN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06cv3312 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| TERRY A. HEESACKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing no. 9, the plaintiff's Motion for additional summons forms and Motion for leave to add defendants to his complaint. In the Order on Initial Review, the court noted that the complaint failed to specify whether the originally named defendants were sued in their "individual capacity," "official capacity," or both capacities. When not specified, the law presumes that a defendant is sued *only* in an official capacity. See generally Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously say so in the pleadings). Therefore, the court granted the plaintiff a limited period in which to amend. In the event of such amendment, the plaintiff was instructed to request additional summons forms and USM-285 forms if adding any defendant in his or her individual capacity, because government employees are served in different locations in their individual and official capacities.

In part, filing no. 9 does specify that the original defendants: Terry A. Heesacker, Kevin M. Beringer and Heath Aldrich, are sued in their individual and official capacities. Therefore, the plaintiff requests additional forms for service of process. That part of filing no. 9 will be granted.

However, in the other part of filing no. 9, the plaintiff wishes to add additional defendants to the complaint without actually adding any factual allegations against those additional persons. That part of filing no. 9 must be denied. A defendant is entitled to at least some information about the basis of the claim against him or her. Otherwise, the defendant cannot be expected to respond to the complaint or defend against the plaintiff's

1

claim.   Therefore, the part of filing no. 9 in which the plaintiff wishes to add more defendants is denied.   The plaintiff will have to move for leave to file an entirely new amended and restated complaint with factual allegations against all named defendants sufficient to warn those persons why they are being sued.

IT IS THEREFORE ORDERED:

1.   That filing no. 9 is granted in part and denied in part;

2.   That the Clerk of Court shall send the plaintiff 3 summons forms and 3 USM-285 forms for the plaintiff to complete and return to the Clerk for service of process on the defendants in their individual capacities;

3.   That upon receipt of the completed summons and 285 forms, the Clerk shall sign each summons and forward it with a copy of the complaint to the U.S. Marshal for service of process; the Marshal shall serve each summons and complaint without payment of costs or fees; service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal; and

4.   That the additional defendants named in filing no. 9 are not parties to this case and will not become parties unless the plaintiff moves for leave to file an entirely new amended and restated complaint containing adequate factual allegations, and such motion is granted.

April 17, 2007.                           BY THE COURT:


                                          s/ *Richard G. Kopf*
                                          United States District Judge

2