IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TODD JANSEN, | ) | 4:06CV3312 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| TERRY A. HEESACKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On April 17, 2007, the court entered a Memorandum and Order that, among other things, denied Plaintiff's motion for leave to add 4 defendants to his complaint. The court advised Plaintiff that "the additional defendants named in filing no. 9 are not parties to this case and will not become parties unless the plaintiff moves for leave to file an entirely new amended and restated complaint containing adequate factual allegations, and such motion is granted." (Filing 11.) Plaintiff has since filed a motion for leave to amend (filing 13), in the form of correspondence to the clerk of the court, that contains an abbreviated restatement of his excessive force claim and that adds 2 new defendants. Because this filing does not comply with the court's previous memorandum and order, it will be denied.

Plaintiff's original complaint made specific allegations against each defendant regarding the use of force. That is, it was alleged that Plaintiff while being arrested was "repeatedly hit in the ribs with night sticks by by [sic] Officer Heesacker and Officer Beringer causing internal bleeding" and that "[f]or over a week, Officer Heath Aldrich repeatedly hit [Plaintiff] in the head with a nite stick, causing lacerations, bruising and bleeding." (Filing 1, paragraph V.A.) By contrast, the motion for leave to amend does not specify what each officer did to cause Plaintiff's injuries. It is only generally alleged that Plaintiff was hit in the ribs and in the head.

Also, the court requires that an amended complaint be separately filed after a motion for leave to amend has been granted. See NECivR 15.1(a). This is why Plaintiff was instructed ask for leave of court to "file an entirely new amended and restated complaint." A copy of the proposed amended complaint must be submitted to the court along with the motion for leave to amend, not merely described in the motion. See id.[1] In this case, the proposed amended complaint should be prepared using the standardized Form A (like Plaintiff's original complaint).

IT IS ORDERED that Plaintiff's motion for leave to amend (filing 13) is denied without prejudice to Plaintiff filing a new motion with a proposed amended complaint attached.

June 1, 2007.            BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge

---

[1] The local rule provides in part:

> A party who moves for leave to amend a pleading (including a request to add parties) shall file as an attachment to the motion an unsigned copy of the proposed amended pleading. Except as provided in these rules or by leave of court, the proposed amended pleading must be a complete pleading which, if allowed to be filed, supersedes the pleading amended in all respects; no portion of the prior pleading may be incorporated into the proposed amended pleading by reference.

NECivR 15.1(a). The court will allow Plaintiff to attach a signed amended complaint to the motion for leave to amend in order to facilitate its filing.